IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTINE OSORO MOCHAMA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| BUTLER COUNTY, KANSAS, ) | |
| ) | JURY TRIAL REQUESTED |
| ) | |
| BUTLER COUNTY SHERIFF, ) | |
| ) | |
| ADVANCED CORRECTIONAL ) | |
| HEALTHCARE, INC. ) | |
| ) | |
| THE DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| FIVE UNKNOWN NAMED AGENTS ) | |
| OF THE DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

1.  Mr. Justine Mochama, a detainee at the Butler County Adult Detention Facility on behalf of the Department of Homeland Security ("DHS") brings this suit against the Butler County Sheriff, Butler County, Kansas, Advanced Correctional Healthcare, Inc., ("ACH") the Department of Homeland Security ("DHS"), and five unknown agents of the DHS, arising from two violent attacks against Justine Osoro Mochama in the early morning of January 28, 2014 by agents of Defendant DHS and the refusal by the defendants to protect him, to prevent his physical beating, and to provide necessary medical care afterward.

1

### *Jurisdiction and Venue*

2. This action is brought pursuant to 42 U.S.C. § 1983 (for Civil Rights violations against Butler County, Butler County Sheriff, and ACH), 28 U.S. Code § 2671 et seq. (Federal Tort Claims Act claim against Defendant DHS), Kan. Stat. Ann. 75-6101 et seq. (Kansas Tort Claims Act claim against Butler County Sheriff and Butler County, Kansas), Kan. Stat. Ann. § 45-222 (Kansas Open Records Act claim against Butler County Kansas and Butler County Sheriff), Kansas common law of negligence (against all Defendants), and Kansas tort law (against the unknown named agents of the DHS under the Supreme Court's decision in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)).

3. This Court has original subject matter jurisdiction over the federal questions presented, pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the events giving rise to this action occurred in Butler County, Kansas and Sedgwick County, Kansas.

5. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### *Parties*

6. Plaintiff Justine Osoro Mochama ("Mr. Mochama" or "Plaintiff") is an adult resident of Kansas.

7. Defendant Butler County Sheriff is a law enforcement agency with its offices in Butler County, Kansas, and is a political subdivision of Kansas.

8. Defendant Butler County, Kansas was at all times relevant to this Complaint a political subdivision of Kansas.

9. Defendant Advanced Correctional Healthcare, Inc., ("ACH") is an Illinois corporation doing business in Kansas and which contracts with the Butler County Sheriff to deliver health care services to inmates detained at the Butler County Adult Detention Facility.

10. Defendant DHS is an executive agency of the federal government.

11. Defendants Five Unknown Named Agents of the DHS, upon information and belief, are adult residents of the State of Kansas and are sued in their individual capacities under plaintiff's *Bivens* claim and under the claims for negligence and tort under Kansas common law.

## *Factual Allegations*

### I. Background

12. In March, 2013, defendant DHS and certain unknown agents of the DHS arrested Justine Mochama pursuant to an order of removal, directing that he be deported to Kenya.

13. Defendant DHS has a contract with Defendant Butler County, Kansas to detain certain individuals in the Butler County Adult Detention Facility on behalf of Defendant DHS.

14. Upon information and belief, Mr. Mochama has been jailed at the Butler County Adult Detention Facility from March, 2013 to the present time pursuant to the agreement between Defendant DHS and Defendants Butler County,

Kansas and/or Butler County Sheriff.

15. In the months that followed his arrest, Mr. Mochama cooperated with the efforts of Defendant DHS to deport him, including, *inter alia*, permitting agents of Defendant DHS to take impressions of his fingerprints and signing all necessary paperwork.

16. However, despite its efforts and Mr. Mochama's cooperation, upon information and belief, Defendant DHS has been unable to obtain a travel document to deport Mr. Mochama to Kenya.

## II. Events Leading to the Two Violent Attacks on Justine Mochama

17. On January 17, 2014, Mr. Mochama filed a petition for writ of habeas corpus *pro se* in this Court, which was assigned Case Number 5:14-cv-03015-RDR, alleging that his prolonged detention by Defendant Department of Homeland Security had exceeded the presumptively reasonable six-month period identified by the Supreme Court in its decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

18. In the early morning on January 28, 2014 certain unknown employees or agents of the DHS travelled to the Butler County Adult Detention Facility in Butler County, Kansas.

19. Mr. Mochama was woken from his sleep around 3:00 AM on January 28, 2014 and told that he would be required to sign more paperwork and have his fingerprints taken yet again.

20. Justine Mochama told the agents that he would first need to speak with his attorney.

21. Rather than permit him to call his attorney, the two agents employed by the DHS physically assaulted Mr. Mochama in the Butler County Adult Detention Facility.

22. During the assault, one officer pinned Mr. Mochama to the ground and hit Mr. Mochama's head and face with his elbow several times, slamming Mr. Mochama's face and head into the concrete floor and causing bleeding from Mr. Mochama's ear.

23. The officers who attacked Mr. Mochama at Butler County Detention Facility on the morning of January 28, 2014 used far more force than was necessary or reasonable and caused substantial pain and physical harm to Mr. Mochama without reason.

24. Upon information and belief, the physical beating of Justine Mochama was recorded on at least one surveillance camera at Butler County Adult Detention Facility.

25. Upon information and belief, Defendants Butler County, Kansas, and Butler County Sheriff had the power and ability at all times to monitor the actions of Defendant DHS and its agents inside the Butler County Adult Detention Facility to ensure that Mr. Mochama was not harmed by them.

26. During the physical beating of Justine Mochama, Defendants Butler County, Kansas, and Butler County Sheriff did nothing to intervene, prevent, or stop the physical violence wrought by the agents of the DHS against Mr. Mochama.

27. After the physical assault at Butler County Adult Detention Facility,

unknown agents of the DHS forced Mr. Mochama to travel to the Wichita office of Immigration and Customs Enforcement ("ICE"), located in Sedgewick County, Kansas.

28. At the Wichita ICE office, Mr. Mochama again asked to be permitted to speak with his attorney. Defendant DHS and its agents did not permit him to do so.

29. Instead, Defendant DHS and unknown agents employed by the DHS again physically attackced Justine Mochama.

30. During this second physical assault, Justine Mochama was sitting in a chair with his hands in his pocket.  One unknown agent of the DHS picked up Mr. Mochama with both arms around Mr. Mochama's stomach, below his rib cage, and lifted him into the air, causing him great pain to his midsection, stomach, hand, and ribcage, and causing Mr. Mochama to be unable to breathe and to fear for his life.

31. While being involuntarily swung in the air by the unknown DHS agent, Mr. Mochama's foot came into contact with an officer employed by the DHS.

32. Upon information and belief, the second physical assault on Mr. Mochama was recorded on surveillance equipment of the DHS.

### III.   Events Following to the Two Physical Beatings of Justine Mochama

33. After the physical assault, employees of Defendant DHS took photographs of Mr. Mochama's injuries and the blood on his clothes.

34. Defendants DHS and certain unknown agents drove Mr. Mochama back to the Butler County Adult Detention Facility on the morning of January 28, 2012 and, upon information and belief, ordered him to be placed in segregation as

punishment for purportedly "kicking" a DHS officer.

35. At no time on January 28, 2014 was Mr. Mochama allowed to call his attorney.

36. Following the two physical assaults against Mr. Mochama on January 28, 2014, Mr. Mochama requested medical assistance from Defendant Butler County, Kansas, Defendant Butler County Sheriff and Defendant ACH.

37. Mr. Mochama informed Defendant Butler County, Kansas, Defendant Butler County Sheriff and Defendant ACH that he had been beaten about the head and body by ICE officers and that he was experiencing continued pain in his head, right hand, and left elbow and had dried blood on his face.

38. Upon information and belief, Defendant Butler County, Kansas, Defendant Butler County Sheriff, and Defendant ACH did not screen Mr. Mochama for a concussion or for internal injuries on January 28, 2014 and instead merely gave him Tylenol and made him return to his cell.

39. On Friday, January 31, 2014 officer Karl Timmons, a Deportation Officer employed by the Immigration and Customs Enforcement, Enforcement and Removal Operations, Fugitive Operations Team in Wichita, Kansas, communicated to Justine Mochama that he had viewed the video of the physical assault which had been recorded at the ICE office in Wichita the morning of January 28, 2014 and that, in his opinion, it did not look like Justine Mochama had kicked anyone.

40. On February 3, 2014, Mr. Mochama, through counsel, wrote to Kenneth Carlson, the Field Office Director for the Kansas City Field Office, which

has administrative jurisdiction over the Immigration and Customs Enforcement Office in Wichita, Kansas, to tell him what had happened on January 28, 2014. To date, Mr. Carlson has not responded.

41. On February 3, 2014, Mr. Mochama, through counsel, made a formal complaint with the DHS Office of Inspector General, asking that the physical assault by DHS officers in Butler and Sedgewick Counties on January 28, 2014 be investigated. To date, the Office of Inspector General has not responded to this complaint.

42. On February 6, 2014, Mr. Mochama again sought medical treatment from Defendant Butler County, Kansas, Defendant Butler County Sheriff or Defendant ACH, stating that he continued to have severe headaches and was having bad nightmares, which Mr. Mochama believes to be attributed to his head injuries of January 28, 2014.

43. Upon information and belief, Mr. Mochama was not screened for a concussion or for internal injuries by Defendant Butler County, Kansas, Defendant Butler County Sheriff or Defendant ACH as a result of his reported head injury on February 6, 2014 or at any time since then.

44. On February 11, 2014, Mr. Mochama submitted a Kansas Open Records Act request to Defendant Butler County Sheriff via Facsimile, asking for "a copy of the video tape and all paper work from January 28, 2014 involving ICE agents' interaction with Justine Mochama from Butler County Jail."

45. To date, Defendant Butler County Sheriff has neither provided the

requested records nor stated why the records have not been provided.

46. On February 14, 2014, unknown agents of the DHS came to the Butler County Adult Detention Facility with papers they asked Mr. Mochama to sign. Mr. Mochama informed the DHS agents that he would be willing to sign their papers if he could first speak with his attorney to determine what the documents were.

47. An unknown agent of the DHS responded, stating to Mr. Mochama that they would just write "refused to sign" on his paperwork. Mr. Mochama repeated that he was not refusing to sign the paperwork and only wanted to speak with his attorney. Mr. Mochama was not permitted to speak with his attorney until after the DHS agents had left on February 14, 2014. Upon information and belief, an unknown DHS agent falsely wrote "refused to sign" on the papers.

48. On February 14, 2014, Mr. Mochama, through counsel, contacted Kenneth Carlson, informing him that Mr. Mochama had not refused to sign the paperwork as the officers had written and that Mr. Mochama had not been permitted to speak with his attorney. To date, Mr. Carlson has not responded.

49. Mr. Mochama remains detained by Defendant DHS and Defendant Butler County, Kansas, after nearly a year of unsuccessful attempts to deport him, and his continued detention amounts to a deprivation of his constitutional liberty and property interests.

50. Upon information and belief, Defendant DHS has refused to release Mr. Mochama from custody because, *inter alia*, he has exercised his constitutional right to be represented by counsel.

51.     The two physical beatings of Mr. Mochama on January 28, 2014 have caused him extreme physical pain.  In addition to the immediate pain of being beaten and physically assaulted on January 28, 2014, Mr. Mochama has continued to experience pain in his head and elbow.

52.     Since the two beatings that occurred on January 28, 2014, Mr. Mochama has experienced extreme anxiety and psychological trauma, including inability to sleep, nightmares, depression, and fear that the agents who are in charge of his custody will again return and physically assault him.

## COUNT I

### ASSAULT AND BATTERY BY DHS AND UNKNOWN AGENTS OF DHS

53.     Plaintiff incorporates Paragraphs 1 through 52 above.

54.     Defendant DHS and unknown agents of DHS threatened to and intentionally did bodily harm to Mr. Mochama, resulting in an immediate apprehension of bodily harm by Mr. Mochama.

55.     Defendant DHS and unknown agents of DHS intentionally struck Mr. Mochama on his body with the intent of bringing about either contact or an apprehension of bodily contact that was harmful and offensive.

56.     Defendants DHS and unknown agents of DHS did not use the least amount of force necessary and had no reason to physically assault Mr. Mochama on January 28, 2014.

57.     Defendants DHS and unknown agents of DHS knew or should have known that physically beating Mr. Mochama's head into the concrete floor and

10

physically attacking him was dangerous, and they recklessly disregarded the danger of their wanton conduct.

58. As a result of the acts and omissions of the Defendants, Plaintiff has been damaged as alleged in Paragraphs 51 through 52 of this Complaint.

59. The acts and omissions of the Defendants were driven by an evil motive or intent, or with reckless or callous indifference to or disregard of the Plaintiff's constitutional rights, by reason of which Plaintiff is entitled to an award of punitive damages against each Defendant, including those unnamed defendant agents of DHS, in an amount to be determined at trial.

## COUNT II

### NEGLIGENCE BY DHS, UNKNOWN DHS AGENTS, BUTLER COUNTY, KANSAS, AND BUTLER COUNTY SHERIFF

60. Plaintiff incorporates Paragraphs 1 through 59, above.

61. Defendants had a duty to use reasonable care in the detention of Mr. Justine Mochama, and in attempting to deport him, which included not physically beating him about the head and body and providing him reasonable medical care.

62. A reasonable person under the same circumstances would not have beaten Justine Mochama, as described above, and would have provided him with medical treatment, including screening him for a concussion and other internal injuries, following the two beatings described above.

63. Defendants' negligence was the proximate cause of Mr. Mochama's injuries and damages.

64. As a result of the acts and omissions of the Defendants, Plaintiff has

been damaged as alleged in Paragraphs 51 through 52 of this Complaint.

## COUNT III

## NEGLIGENCE BY DEFENDANT ACH

65. Plaintiff incorporates Paragraphs 1 through 64, above.

66. Defendant ACH and its employees and agents had a duty to provide reasonable medical care to Mr. Mochama after being informed that he was beaten about the head and body by DHS agents on January 28, 2014.

67. Defendant ACH is and was responsible for the medical treatment of jail inmates, including Justine Mochama, and could have screened Mr. Mochama for a concussion or other internal injuries.

68. To date, Mr. Mochama continues to suffer from concussion-like symptoms and from other effects of the head trauma he suffered on January 28, 2014, and to date Defendant ACH has not offered reasonable medical treatment for these symptoms.

69. The damages Mr. Mochama has suffered as alleged in Paragraphs 51 through 52 of this Complaint have been compounded and multiplied by the negligence of defendant ACH.

## COUNT IV

### 42 U.S.C. § 1983 – UNLAWFUL INTERFERENCE WITH CONSTITUTIONAL RIGHTS BY BUTLER COUNTY, KANSAS AND BUTLER COUNTY SHERIFF

70. Plaintiff incorporates Paragraphs 1 through 69, above.

71. Defendants Butler County, Kansas and Butler County Sheriff acted at

all times relevant hereto under color of state law.

72.     The actions and omissions of Defendants Butler County, Kansas and Butler County Sheriff described herein deprived Mr. Mochama of his constitutional liberty and property rights by failing to protect him from physical abuse by agents employed by the DHS and by failing to provide him necessary medical care following the beating by DHS officers.

73.     As Plaintiff's physical custodian, Defendants Butler County, Kansas and Butler County Sheriff had a duty to protect him from physical harm, including harm caused by agents employed by the DHS.

74.     Upon information and belief, defendants Butler County, Kansas and Butler County Sheriff had a practice or custom of not intervening when DHS officers physically assaulted immigrant inmates at the Butler County Adult Detention Facility.

75.     Upon information and belief, the practice or custom described in paragraph 77 was at least one reason that defendants Butler County, Kansas and Butler County Sheriff's did not intervene to prevent or stop the physical beating of Justine Mochama on January 28, 2014.

76.      Defendants Butler County, Kansas and Butler County Sheriff knew or should have known of the likelihood that DHS officers would harm Mr. Mochama, had a reasonable opportunity to monitor the DHS officers and to act, and, upon information and belief, did not act to stop or prevent the beating of Justine Mochama.

13

77. As a result of the acts and omissions of the Defendants, Plaintiff has been damaged as alleged in Paragraphs 51 through 52 of this Complaint.

78. The acts and omissions of the Defendants were driven by an evil motive or intent, or with reckless or callous indifference to or disregard of the Plaintiff's constitutional rights, by reason of which Plaintiff is entitled to an award of punitive damages against each Defendant in an amount to be determined at trial.

79. Plaintiff is entitled to recover his reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 1988.

### COUNT V

### 42 U.S.C. § 1983 – UNLAWFUL INTERFERENCE WITH CONSTITUTIONAL RIGHTS BY ACH

80. Plaintiff incorporates Paragraphs 1 through 79, above.

81. There is such a substantial nexus between Butler County, Kansas and ACH, given that ACH contracts to perform all medical care for inmates at the Butler County Adult Detention Facility on behalf of Butler County, Kansas, that the actions of ACH and its agents, as alleged in this Complaint, are tantamount to the actions of the State itself and are thus under color of state law.

82. ACH did not have qualified immunity in its acts and omissions as described herein.

83. Acting under color of state law, ACH owed Mr. Mochama a duty to not deprive him of his constitutional property and liberty interests.

84. The actions and omissions of ACH as described in this Complaint violated Mr. Mochama's constitutional property and liberty interests, including but

14

not limited to his right to receive adequate medical care while being detained in the custody of the state.

85. As a result of the acts and omissions of ACH, the damages Mr. Mochama has suffered as alleged in Paragraphs 51 through 52 have been compounded, lengthened, and worsened.

86. Plaintiff is entitled to recover his reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 1988.

## COUNT VI

### VIOLATION OF KANSAS OPEN RECORDS ACT BY DEFENDANTS BUTLER COUNTY, KANSAS AND BUTLER COUNTY SHERIFF

87. Plaintiff incorporates Paragraphs 1 through 86, above.

88. Under Kansas law, all public records shall be open for inspection by any person unless otherwise provide by statute, and this law must be liberally construed.

89. Plaintiff's request described in Paragraphs 45 and 46 was a request made under the Kansas Open Records Act.

90. Plaintiff utilized the appropriate form for his request, which was provided by defendant Butler County, Kansas on its website.

91. Defendants Butler County, Kansas and Butler County Sheriff received Plaintiff's open records request.

92. Defendants have not communicated to Mr. Mochama any reason for their failure to provide the requested documents.

93. Defendants' denial of access to the public records Mr. Mochama has

requested is not in good faith and is without a reasonable basis in fact or law.

94. The Court should compel the defendants to produce the documents Mr. Mochama has requested and should otherwise award Mr. Mochama his reasonable attorneys' fees and costs.

## COUNT VII

## DEPRIVATION OF CONSTITUTIONAL AND STATUTORY RIGHT TO BE REPRESENTED BY COUNSEL BY DEFENDANTS DHS AND UNKNOWN AGENTS OF DHS

95. Plaintiff incorporates Paragraphs 1 through 94, above.

96. Mr. Mochama has a statutory and constitutional right to be represented by an attorney of his choice during the removal process.

97. Multiple times since March, 2012, unknown agents of DHS have denied Mr. Mochama the right to consult with an attorney.

98. On several occasions, including but not limited to January 28, 2014 and February 6, 2014, unknown agents of DHS denied Mr. Mochama the right to speak with counsel or to have counsel review the documents he was asked to sign so that he could understand what they said.

99. On February 6, 2014, unknown agents of the DHS retaliated against Mr. Mochama for requesting an opportunity to speak with an attorney by falsely writing "refused to sign" on documents which Mr. Mochama did not refuse to sign.

100. Upon information and belief, Defendants DHS and unknown agents of DHS have retaliated against Mr. Mochama for filing a petition for writ of habeas corpus.

101. Because Mr. Mochama's cooperation with his removal efforts is a crucial factor in defendant DHS's decision to continue Mr. Mochama's detention despite its inability to deport him, the actions by unknown agents of DHS in writing "refused to sign" on the forms on February 6, 2014 is a proximate proximate cause of Mr. Mochama's extended detention in Butler County Adult Detention Facility beyond the presumptively reasonable 6-month period.

102. In addition to depriving Mr. Mochama of his constitutional rights, the actions of defendant DHS and unknown DHS officers have caused Mr. Mochama physical and psychological damage.

103. As a result of the acts and omissions of the Defendants, Plaintiff has been damaged as alleged in Paragraphs 51 through 52 of this Complaint.

104. The acts and omissions of the Defendants were driven by an evil motive or intent, or with reckless or callous indifference to or disregard of the Plaintiff's constitutional rights, by reason of which Plaintiff is entitled to an award of punitive damages against each Defendant in an amount to be determined at trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial.

## JURY DEMAND

Plaintiff hereby requests a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court, after trial by jury, enter judgment against Defendants for Plaintiff's actual damages in excess of

$75,000, nominal damages, and punitive damages, including reasonable attorneys' fees, for expenses and costs, and for such further legal and equitable relief as the Court deems just.

>Respectfully submitted,
>
>Dunn & Davison, LLC
>1100 Walnut Street
>Suite 2900
>Kansas City, MO  64106
>
>By: s/ *Matthew L. Hoppock*
>Matthew L. Hoppock – Kan. #23854