**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JUSTINE OSORO MOCHAMA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-02121-KHV-TJJ |
| | ) | |
| BUTLER COUNTY, KANSAS, | ) | |
| | ) | |
| | ) | |
| BUTLER COUNTY SHERIFF, | ) | |
| | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, INC. | ) | |
| | ) | |
| THE DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| FIVE UNKNOWN NAMED AGENTS | ) | |
| OF THE DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Justine Mochama, by counsel and in support of his Motion for Expedited

Discovery, states as follows:

**I.      Introduction**

This lawsuit is the result of two physical attacks on Plaintiff Justine Mochama by certain

unknown individuals on January 28, 2014 and includes claims both against the agencies

responsible for Mr. Mochama's custody and medical treatment and the individuals who attacked

him.  Although the identity of these individuals ("the *Bivens* defendants") is not presently

known, it is known that they are or were employees of Defendant, Department of Homeland

1

Security ("DHS") at the time of the attacks and that the two attacks were likely captured on surveillance cameras at the Butler County Adult Detention Facility and the Wichita ICE Field Office.  To be able to identify the individuals involved in the attacks on Mr. Mochama, so that they may be named and served in this lawsuit, Mr. Mochama must take expedited discovery.

## II.    Legal Standard

The Court is permitted to, "in the exercise of its broad discretion, alter the timing, sequence and volume of discovery." *Alpine Atl. Asset Mgmt. AG v. Comstock*, CIVA07-2595-JWL-DJW, 2008 WL 618627 (D. Kan. Mar. 3, 2008).  The requesting party "has the burden of showing good cause for the requested departure from usual discovery procedures." *Id*.

In cases where defendants cannot be identified prior to filing the Complaint, expedited discovery may be warranted to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *See e.g. SunLust Pictures, LLC v. Doe*, No. 12-CV-00656-CMA-KMT, 2012 WL 975828 (D. Colo. Mar. 22, 2012); *Gordon v. Leeke,* 574 F.2d 1147, 1152 (4th Cir.1978), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430–431 n. 24 (9th Cir.1977); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2390 n. 13, 57 L.Ed .2d 253 (1978).

## III.    Argument

### A.    Expedited Discovery is Necessary to Identify the *Bivens* Defendants.

Because certain defendants in this matter are unidentified but, upon information and belief, remain employed by Defendant DHS, the only realistic manner for identifying these individuals will be through expedited discovery requests served DHS.  The proposed discovery

requests are attached.  Proposed Expedited Interrogatories and Requests for Production, **Exhibit A**.

Mr. Mochama, through counsel, attempted to identify these individuals prior to filing the Complaint.  He filed a complaint with the DHS Office of Inspector General and sent messages to the Field Office Director of the Kansas City Field Office to attempt to determine what occurred on January 28, 2014.  He also submitted a Kansas Open Records Act request to obtain the video of Mr. Mochama's beating that occurred at Butler County Adult Detention Facility, but Defendant Butler County, Kansas has not responded to that request. Because Mr. Mochama has been unable to identify the *Bivens* defendants prior to filing his Complaint, he must take expedited discovery so that those defendants can be named and served and may meaningfully participate in this litigation.

### B.      Irreparable Harm is Likely If Expedited Discovery is Not Granted.

Mr. Mochama is likely to face irreparable harm if expedited discovery is not permitted.  First, it is believed that the *Bivens* defendants remain employed by Defendant DHS.  However, if they are terminated or leave their positions, the task of serving them with process once they are identified will be more complicated.  Thus, there is an urgent need to identify the *Bivens* defendants before they leave the employment of the DHS.

Second, critical evidence that may be relevant to this matter likely remains in the possession of the *Bivens* defendants, including text messages, notes, diaries, and other personal records that would reflect the events of January 28, 2014.  By informing them individually of this litigation, Mr. Mochama intends to trigger an obligation to preserve material documents and ESI.  Mr. Mochama is concerned that prior to identifying the *Bivens* defendants, these documents and ESI could be permanently destroyed or deleted.

**IV.** <u>**Conclusion**</u>

For the reasons stated above, Mr. Mochama respectfully moves the Court to permit him to propound on Defendants the discovery requests that are attached hereto as **Exhibit A**, order them to provide complete response within ten (10) calendar days of service of such requests, and permit the parties to conduct depositions at least one deposition of the Department of Homeland Security regarding the Motion for Preliminary Injunction within ten (10) days of the date of this Order.

Dated: March 20, 2014                                    Respectfully Submitted,


_____/s/_____

Matthew L. Hoppock, KS Bar # 23854

Dunn & Davison, LLC
1100 Walnut Street, Suite 2900
Kansas City, MO  64106
Tel. (816) 292-7600
Fax (816) 292-7601
mhoppock@dunndavison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties.  Additionally, I will serve via regular first class mail a copy of this filing and any attachments on the following:

Butler County, Kansas
c/o Butler County Attorney's Office
Attn: Darrin C. Devinney, Attorney
201 W. Pine, Suite 104
El Dorado, KS 67042

Butler County Sheriff,
Kelly Herzet
141 S. Go5rdy
El Dorado, KS 67042

Advanced Correctional Healthcare, Inc.
c/o The Corporation Company
Registered Agent
112 SW 7th St. Suite 3C
Topeka, KS 66603

and

The Department of Homeland Security
c/o U.S. Attorney's Office
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101

By: s/ *Matthew L. Hoppock*
Matthew L. Hoppock – Kan. #23854