UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTINE OSORO MOCHAMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-2121-KHV-TJJ |
| ) | |
| BUTLER COUNTY, KANSAS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 21). He requests an order granting him leave to file his proposed Second Amended Complaint, in which he dismisses all claims against three existing Defendants: Butler County, Kansas; Butler County Sheriff; and the Department of Homeland Security ("DHS").[1] In his proposed Second Amended Complaint, he also seeks to assert state law claims for assault and battery and negligence, as well as a claim for deprivation of his constitutional and statutory rights to be represented by counsel, against the five previously unknown individual DHS agents in their individual capacities.

Defendants Butler County, Kansas and Butler County Sheriff ("Butler Defendants") filed a response (ECF No. 24) stating that they have no objection to Plaintiff's motion but ask the Court to enter an order pursuant to Fed. R. Civ. P. 41 formally dismissing them from the case, rather than have the dismissal occur by implication derived from their omission in the Second Amended Complaint.

---

[1] Plaintiff retains his negligence and Section 1983 claims against existing Defendant Advanced Correctional Healthcare, Inc.

The United States of America, as real party in interest for DHS, has also filed a response (ECF No. 25) stating that it does not oppose the amendment to the extent it simply removes DHS from this litigation and names the five previously unnamed DHS agents.  It does, however, oppose the filing of the Second Amended Complaint to the extent it includes common law tort claims against the DHS agents, arguing that it would be futile to allow these claims because Plaintiff has failed to name the United States as the proper defendant for his common law negligence claims and has failed to administratively exhaust these claims as required under the Federal Tort Claims Act.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[2]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[3]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[4] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

2

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6]

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[7] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[9] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[10] The party opposing the amendment has the burden of showing the proposed amendment is futile.[11]

Reviewing Plaintiff's proposed Second Amended Complaint under these standards, the Court finds that the proposed amendment is not futile. The Court rejects Defendant DHS's argument that it would be futile to allow Plaintiff to assert common law tort claims against the DHS agents in their individual capacities.

---

[6] *Id*. (quoting *Foman*, 371 U.S. at 182).

[7] *Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Id.* at 556.

[11] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA"),[12] commonly known as the Westfall Act, empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose."[13] Upon certification, the employee is dismissed from the action and the United States is substituted as defendant.[14] The case then falls under the governance of the Federal Tort Claims Act ("FTCA").[15] Generally, such cases unfold like those against other employers who concede respondeat superior liability.[16]

Under the FELRTCA, federal employees acting within the scope of their office or employment are immune from suit, which requires persons who are injured by them to substitute the United States as the defendant.[17] Section 2679(b) provides that:

> (1)The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.
>
> (2)Paragraph (1) does not extend or apply to a civil action against an employee of the Government--

---

[12] 28 U.S.C. § 2679(b)(1).

[13] 28 U.S.C. § 2679(d)(1).

[14] *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

[15] *Id.*

[16] *Id.*

[17] *Salmon v. Schwarz*, 948 F.2d 1131, 1142 (10th Cir. 1991).

Case 2:14-cv-02121-KHV-TJJ   Document 26   Filed 07/31/14   Page 5 of 7

>     (A) which is brought for a violation of the Constitution of the United States, or
>     (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

FELRTCA, however, conditions the automatic substitution of the United States as the party defendant under the FTCA "upon the certification by the Attorney General that the defendant employee[s] w[ere] acting within the scope of [their] office or employment at the time of the incident out of which the claim arose."[18] Or if the Attorney General refuses to certify, the employee may petition the court to find and certify that the employee was acting within the scope of his office or employment.[19]

Here, it does not appear that there has been any certification by the Attorney General that the five DHS agents were acting within the scope of their office or employment at the time of the incident identified in the complaint. Nor would any of the employees have filed a petition for the Court to certify since they have not yet been named in the lawsuit. The Court does not find that the FTCA permits the Court to *sua sponte* substitute the United States, based upon a presumption that the Attorney General will certify that the five DHS agents to be added were acting within the scope of their office or employment at the time of the incident. In the present posture, the Court does not find that the proposed amendment is futile. The Court cannot presume—for purposes of finding the amendment futile—that the Attorney General will make such certification or that the employees will file a petition to certify, if Plaintiff is allowed to file his amended complaint.

In the unpublished Tenth Circuit opinion, *Greer v. United States*,[20] the court addressed an argument that the district court had committed reversible error by *sua sponte* substituting the

---

[18] 28 U.S.C. § 2679(d)(1).

[19] 28 U.S.C. § 2679(d)(3).

[20] 72 F. App'x 793, 795–96 (10th Cir. 2003).

United States for individually named defendants.  The appellant contended the district court could not make this substitution absent certification by the Attorney General under 28 U.S.C. § 2679(d) that the employees were acting within the scope of their employment.[21]  Although the court affirmed the district court's substitution, it implied that such substitution may not have been proper.[22]  Other courts have held that certification is required for the proper substitution of the United States.[23]

Although the negligent acts Plaintiff alleges all occurred in the context of the DHS agents attempting to obtain Plaintiff's fingerprints on his deportation paperwork and therefore logically appear to be within the scope of Defendants' office or employment, there has been no Section 2679(d) certification. In the absence of such certification, the Court cannot presume that the five individual defendants to be added were acting within the scope of their office or employment, thereby requiring the substitution of the United States. Accordingly, in the current posture of the case and in the absence of a Section 2679(d) certification, the Court cannot find it would be futile to allow Plaintiff's state law claims to proceed against the federal DHS agents in their individual capacities. Plaintiff will therefore be granted leave to file his proposed Second Amended Complaint.

---

[21] *Id.* at 796.

[22] *See id.* (concluding that any error by the *sua sponte* substitution was harmless).

[23] *See Michalik v. Hermann*, No. 99-3496, 2002 WL 31844910, at *3 (E.D. La. Dec. 16, 2002) (denying motion to dismiss state law claims pending the appropriate certifications being filed and noting that the federal defendants could summarily move for dismissal of the state law claims pursuant to the Westfall Act when their certifications were filed); *F.T.C. v. Commonwealth Mktg. Grp., Inc.*, 72 F. Supp. 2d 530, 540 (W.D. Pa. 1999) (agreeing that consideration of the effect of a Section 2679(d)(1) certification was premature because no certification had been filed).

.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 21) is GRANTED. Plaintiff shall electronically file his proposed Second Amended Complaint **within seven (7) days** of the date of this Order.

**IT IS FURTHER ORDERED THAT** Plaintiff shall serve summons and his Second Amended Complaint upon the newly added defendants **within thirty (30) days** of the date of the filing of the Second Amended Complaint.

**IT IS FURTHER ORDERED THAT** the Butler Defendants' request for a formal dismissal under Fed. R. Civ. P. 41 is granted. **Within seven (7) days** of the date of this Order, Plaintiff shall file a Fed. R. Civ. P. 41(a)(1)(A)(ii) stipulation of dismissal of his claims against the Butler Defendants.

IT IS SO ORDERED.

Dated this 31st day of July 2014, at Kansas City, Kansas.

<u>s/ Teresa J. James</u>
Teresa J. James
United States Magistrate Judge