UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTINE OSORO MOCHAMA,          )
                               )
                Plaintiff,     )
                               )
v.                             )          Case No. 14-2121-KHV-TJJ
                               )
TIMOTHY ZWETOW,                )
et al.,                        )
                               )
                Defendants.    )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's second Motion for Leave to File Amended

Complaint (ECF No. 53).  Plaintiff requests, pursuant to Fed. R. Civ. P. 15(a)(2), leave to file his

Third Amended Complaint to add factual allegations he claims he learned after Defendants

produced videos of one of the alleged attacks and to add claims specifically identifying which of

his constitutional rights were violated.  He also seeks to amend in response to the November 19,

2014 certification by Defendant United States that the actions of the individual Defendants were

in the scope of their employment.  Defendants oppose the motion, arguing that Plaintiff's

proposed amendments are untimely, unsupported by Plaintiff's purported bases for amendment,

and would improperly expand the scope of this litigation after it has been on file for nearly a

year.  Defendants do not argue the proposed amendment would be futile.  For the reasons

discussed below, the motion is granted.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.

It provides that the parties may amend a pleading "once as a matter of course" before trial if they

do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a

responsive pleading is required," 21 days after service of the responsive pleading or a motion

under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[1]  Other amendments are allowed

"only with the opposing party's written consent or the court's leave."[2]  Rule 15(a)(2) also

instructs that the court "should freely give leave when justice so requires."[3]  The court's decision

to grant leave to amend a complaint, after the permissive period, is within the trial court's

discretion and will not be disturbed absent an abuse of that discretion.[4]  The court may deny

leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc."[5]

Other than setting a deadline for the one amendment allowed "as a matter of course,"

Rule 15(a) does not set a deadline by which a party must amend its pleadings.  Ordinarily, the

Court sets a deadline for the parties to file motions to amend the pleadings and/or join parties at

the initial scheduling conference.  In this case, the Court has not yet held a scheduling conference

and therefore has not yet set a deadline for the filing of motions to amend.  Due to the lack of any

deadline, the Court does not find Plaintiff's motion for leave to amend his complaint to be

untimely.  Although this case has been pending for over fourteen months, it is still in its

relatively early stages of litigation.

---

[1] Fed. R. Civ. P. 15(a)(1).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[5] *Id.* (quoting *Foman*, 371 U.S. at 182).

After amending his complaint once as a matter of course, Plaintiff filed his first motion for leave to amend his complaint on May 27, 2014, nearly a year ago.  He filed the instant motion asking for leave to file his proposed Third Amended Complaint on January 2, 2015, approximately seven months after his first motion.  Plaintiff has explained that he did not move to amend his complaint sooner because the events justifying the most recent proposed amendment did not occur until November 2014.  Plaintiff asserts that at the time he filed his original complaint he requested the videos showing the two attacks at issue in this case, but Defendants did not produce the videos of the second alleged attack, which occurred at the Wichita Immigration and Customs Enforcement ("ICE") office, until November 20, 2014.  Until the videos were produced, Plaintiff claims he was not aware of the extent of the individual Defendants' participation in the second attack or the extent of their failure to intervene, because he was being held down to the floor and could not see everyone in the room.

Defendants object that Plaintiff's repeated amendment of his complaint, in response to various Defendants' dispositive motions, has created piecemeal litigation and caused excessive motion practice by making the complaint a moving target.  Defendants do not dispute that the videos of the Wichita ICE office alleged attack were not produced until November 20, 2014, but they argue the proposed amendments are not based upon new information gleaned from those videos.  According to Defendants, Plaintiff again seeks leave to reformulate his allegations in an effort to defeat the most recent round of dispositive motions, which will again abrogate the substantial amount of work Defendants have invested in preparing the dispositive motions.  Defendants urge the Court to deny Plaintiff's motion as his latest attempt to avoid dismissal by reformulating his allegations.  They ask that the matter proceed on the Second Amended Complaint and the Court rule on their pending motions to dismiss.

Although Plaintiff's repeated amendments of his complaint have resulted in extra work for Defendants by forcing them to file successive motions to dismiss, the Court will not deny Plaintiff's current motion on this basis.  The Court understands Defendants' concern and frustration with Plaintiff's multiple amendments in reaction to Defendants' motions to dismiss. However, Rule 1's goals of a "just, speedy, and inexpensive determination" of the action are better served by allowing Plaintiff to amend his complaint again at this stage of the litigation.

A comparison of Plaintiff's Second Amended Complaint to his proposed Third Amended Complaint reveals the nature of the changes to the claims Plaintiff seeks to assert in this case. Plaintiff's currently operative complaint, the Second Amended Complaint, asserts the following five counts:  Count I – Assault and Battery; Counts II and III – Negligence; Count IV – Unlawful Interference with Constitutional Rights; and Count V – Deprivation of Constitutional and Statutory Rights to be Represented by Counsel.[6]

In his proposed Third Amended Complaint, Plaintiff asserts the following seven counts:

Count I    – Violation of the Fourth and Fifth Amendments – Excessive Force and
                 Deliberate Indifference
Count II   – Violation of the Fourth and Fifth Amendments – Failure to Intervene
Count III – Violation of the Fifth Amendment Due Process Clause
Count IV – First Amendment Retaliation for Engaging in Protected Speech
Count V   – Violation of the Fifth Amendment (Access to Counsel and Freedom
                 from Incrimination)
Count VI – Negligence
Count VII – 42 U.S.C. § 1983 – Unlawful Interference with Constitutional Rights

While Plaintiff has changed his theories of recovery, these new claims are based upon the same underlying incidents.  He has not changed the nature of this suit or what he has consistently alleged occurred.  Although the basic factual allegations remain largely the same in the proposed Third Amended Complaint, Plaintiff has added facts that he arguably may not have been aware

---

[6] Second Am. Complt. (ECF No. 27).

of until after the Wichita ICE videos were produced.  For example, the Court notes that the factual allegations in paragraphs 47–51 of Plaintiff's proposed Third Amended Complaint describe in more detail the alleged actions taken by Defendants during the attacks.  Plaintiff's amendment of his claims also appears to be in response to the United States certifying that the federal agents involved were acting within the scope of their employment at the time of the incident, as provided under the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA").[7]

Finally, Defendants will not be prejudiced by the filing of Plaintiff's Third Amended Complaint.  The case has been stayed since January 26, 2015, is still in the early stages of litigation, and no deadline for amendments to the pleadings has even been set.  All of the above reasons, along with Rule 15's directive to freely give leave to amend pleadings when justice so requires, convinces the Court that Plaintiff should be allowed to file his proposed Third Amended Complaint.  If in the future Plaintiff decides to file another motion for leave to amend his complaint, he should bear in mind the valid concerns raised by Defendants regarding reactionary, piecemeal amendments.   The Court will give serious consideration to those issues and the history of amendments in ruling on any future motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's second Motion for Leave to File Amended Complaint (ECF No. 53) is GRANTED.  Plaintiff shall electronically file his proposed Third Amended Complaint **within seven (7) days** of the date of this Order.

---

[7] 28 U.S.C. § 2679(d)(1).

IT IS SO ORDERED.

Dated this 29th day of May 2015, at Kansas City, Kansas.

_s/ Teresa J. James_
Teresa J. James
United States Magistrate Judge