IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTINE OSORO MOCHAMA,             ) | |
|                                                                  ) | |
|      **Plaintiff,**                  ) | |
|                                                                  )  | CIVIL ACTION |
| v.                                                               ) | |
|                                                                  ) | No. 14-2121-KHV |
| TIMOTHY ZWETOW, RODNEY NICHOLS, ) | |
| ALAN VANSKIKE, JANE PATTY-KILL,    ) | |
| ANDREW PLEVIAK and                           ) | |
| ADVANCED CORRECTIONAL              ) | |
| HEALTHCARE, INC.,                                ) | |
|                                                                  ) | |
|      **Defendants.**              ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion To Dismiss The United States Of America (Doc. #39) which the United States filed November 19, 2014, and Federal Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment (Doc. #42) filed November 20, 2014. For the reasons set forth below, the Court overrules both motions as moot.

**I.      Factual And Procedural Background**

On August 8, 2014, plaintiff filed a second amended complaint which asserted common law tort and constitutional claims against Advanced Correctional Healthcare, Inc. ("ACH") and Timothy Zwetow, Rodney Nichols, Alan VanSkike, Jane Patty-Kill and Andrew Pleviak (collectively "federal employees"), who worked for the Department of Homeland Security. Second Amended Complaint (Doc. #27). On November 19, 2014, the United States filed a notice of substitution which purported to substitute itself as the defendant regarding plaintiff's

common law tort claims against the federal employees.  See Notice Of Substitution (Doc. #38).[1] The United States attached a certification that the federal employees were acting within the scope of their employment at the time of the conduct alleged.  See Certification (Doc. #38-1).  Later that day, the United States filed a motion to dismiss the claims against it.  (Doc. #39).  The following day, the individual federal employees filed their motion to dismiss or for summary judgment. (Doc. #42).

Plaintiff responded to the motions to dismiss and on January 2, 2015, moved to amend his second amended complaint.  See Plaintiff's Motion For Leave To File Amended Complaint (Doc. #53).  Magistrate Judge Teresa J. James sustained plaintiff's motion, Memorandum And Order (Doc. #65) filed May 29, 2015, and plaintiff filed the Third Amended Complaint (Doc. #67) on June 1, 2015.  The third amended complaint asserts constitutional claims against the federal employees and negligence and constitutional claims against ACH.  It does not assert common law tort claims against the federal employees or bring any claims against the United States.  Furthermore, the third amended complaint does not list the United States as a party.

## II. Analysis

### A. Motion To Dismiss The United States Of America

In moving to dismiss the second amended complaint, the United States asserts that the Court lacks subject matter jurisdiction over plaintiff's tort claims because plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act.  Memorandum In Support Of Motion To Dismiss The United States Of America (Doc. #40) filed November 19, 2014,

---

[1] Under the Federal Tort Claims Act, "a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment." 28 U.S.C. § 2679(b)(1).

at 4-5.  Plaintiff does not oppose dismissing the claims against the United States without prejudice or "a limited dismissal of the United States as a party[.]"  Plaintiff's Memorandum In Partial Opposition To Defendant United States' Motion To Dismiss (Doc. #48) filed December 10, 2014, at 3.

As noted, the third amended complaint does not assert claims against the United States.  The United States' motion to dismiss is therefore moot.  See Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (amended complaint supersedes original complaint); see also McCoy v. Hienschmidt, 12-3050-SAC, 2012 WL 1344988, at *1 (D. Kan. Apr. 18, 2012) (claims, parties, allegations and arguments not included in amended complaint no longer before court); Deville v. Melgren, No. 08-3076-SAC, 2009 WL 2913234, at *1 n.1 (D. Kan. Sept. 9, 2009) (amended complaint omitting party named in original complaint constitutes plaintiff's voluntary dismissal of party from lawsuit).

### B. Federal Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment

The individual defendants filed their motion to dismiss or for summary judgment in response to plaintiff's second amended complaint.  As noted, plaintiff later filed a third amended complaint.  The Court therefore overrules defendants' motion as moot.  See Mink, 482 F.3d at 1254.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss The United States Of America (Doc. #39) filed November 19, 2014, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Federal Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment (Doc. #42), filed November 20, 2014, be and hereby is **OVERRULED**.

Dated this 22nd day of June, 2015, at Kansas City, Kansas.

/s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge