**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JUSTINE O. MOCHAMA, ) | |
| ) | |
|        **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-2121-KHV |
| TIMOTHY ZWETOW, et al., ) | |
| ) | |
|        **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff Justine Osoro Mochama, an immigration detainee, brings suit against Timothy Zwetow, Rodney Nichols, Alan Van Skike, Jane Patty-Kill and Andrew Pleviak, who are employees of the United States Immigration and Customs Enforcement ("ICE").[1] Plaintiff asserts five claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). On January 3, 2017, the Court sustained in part and overruled in part defendants' motion to dismiss or for summary judgment. Memorandum And Order (Doc. #95).[2]

On January 13, 2017, in light of the recent Supreme Court opinion in White v. Pauly, No. 16-67, 580 U.S. ___, 2017 WL 69170, at *4 (Jan. 9, 2017), the Court ordered plaintiff to show cause in writing why the Court should not vacate in part the Memorandum And Order (Doc. #95) and instead find that (1) Rodney Nichols and Timothy Zwetow are entitled to qualified immunity on plaintiff's claim that they violated his Fourth and Fifth Amendment rights when they used excessive

---

[1] On March 7, 2016, under Rule 41(a)(2), Fed. R. Civ. P., the Court sustained plaintiff's motion to dismiss his claims against Advanced Correctional Healthcare. See Doc. #92.

[2] The Court incorporates by reference the Memorandum And Order (Doc. #95).

force at the Butler County Detention Center (part of Count I) and (2) Rodney Nichols is entitled to qualified immunity on plaintiff's claim that he violated plaintiff's Fourth and Fifth Amendment rights when he failed to intervene during the incident at the Butler County Detention Center (part of Count II). The Court directed plaintiff to address whether, as of January 28, 2014, the law established "beyond debate" that defendants' actions were unconstitutional. Order To Show Cause (Doc. #98) (quoting White, 2017 WL 69170, at *4) (court must identify clearly established law which is "particularized" to facts of case).

In ruling on the motion to dismiss or for summary judgment, the Court summarized the facts – viewed in the light most favorable to plaintiff – as follows:

On the morning of January 28, 2014, plaintiff did not know that he was to be removed to Kenya that day. Moreover, he had recently filed a habeas corpus petition challenging his continued detention. When the officers initially asked him to fingerprint and sign a form, plaintiff asked to speak to an attorney. The officers ignored that request, then removed plaintiff from his cell. Zwetow told plaintiff that they needed to get his fingerprint. In response, plaintiff put his hands in his pockets. Within a few seconds, Nichols and Zwetow lifted plaintiff off his feet and Zwetow hit him very hard in the stomach/chest. The officers then took plaintiff to the floor and hit his head on the floor. As a result, plaintiff sustained injuries including a severe headache and sore fingers.

Based on these facts, the Court ruled that a reasonable jury could find that Nichols and Zwetow violated plaintiff's rights by using excessive force in violation of the Fifth Amendment. The Court noted that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." Memorandum And Order (Doc. #95) at 36 (quoting Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)). In determining whether the conduct was objectively

unreasonable, courts consider the non-exclusive factors set out in Graham v. Connor, 490 U.S. 386, 396 (1989): (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of plaintiff's injury; (3) any efforts to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether plaintiff was actively resisting.  Memorandum And Order (Doc. #95) at 36.

Applying this standard, the Court noted that district courts in other circuits have ruled that officers may use some force if a detainee resists a lawful order to provide fingerprints.[3] Id. at 38 (citing Scott v. City of White Plains, No. 10-Civ.-1887(KBF), 2013 WL 1313774, at *7 (S.D.N.Y. Mar. 18, 2013) (ICE officers entitled to qualified immunity on claims of excessive force and failure to intervene where officer briefly used pressure point to obtain fingerprint from uncooperative deportee); Wysner v. Dallas Cty. Sheriff's Dep't, No. 96-CV-1011, 1997 WL 10030, at *3 (N.D. Tex., Jan 7, 1997) (officers may use some force to subdue pretrial detainee to obtain fingerprint); see also 8 U.S.C. § 1357(a)(5) (ICE agents may use force to accomplish mission); cf. New v. Perry, No. 07-cv-723, 2009 WL 483341, at *12 (S.D. Ohio Feb. 25, 2009) (jury question whether officers used unreasonable force when they slammed plaintiff to floor after he kept hands in pockets to avoid fingerprinting). The Court found that under plaintiff's version of the facts, the amount of force which Nichols and Zwetow used at the Butler County Detention Facility was

---

[3] The Court noted more generally that use of some force against a detainee is reasonable where the detainee has refused to comply with an order. Memorandum And Order (Doc. #95) at 37-38 (citing Blount v. Echols, No. 07-5046, 2008 WL 4368936, at *8 (W.D. Ark. Sept. 24, 2008) (no excessive force where pretrial detainee pinned against wall for repeatedly refusing to comply with staff orders to move to back of cell)).

objectively unreasonable.[4]  Memorandum And Order (Doc. # 95) at 36-39.

The Court then addressed whether, based on plaintiff's version of the facts, it should have been apparent to defendants that their actions were objectively unreasonable. Id. at 39. The Court summarily ruled that based on the state of the law on January 28, 2014, reasonable officers would have been aware that the level of force they used was not objectively reasonable.  Id. (degree of force used not justified solely on basis of need to get plaintiff's fingerprint).

In response to the order to show cause, plaintiff asserts that White v. Pauly does not change the law governing whether a right is "clearly established."  See Response To Order To Show Cause (Doc. #103) filed January 20, 2017, at 1.  Plaintiff correctly points out that before White, the Supreme Court had stated that existing precedent must have placed the statutory or constitutional question "beyond debate."  See White, 2017 WL 69170, at *4 (quoting Stanton v. Sims, 134 S. Ct. 3, 5 (2013); Ashcroft v. al-Kidd, 563 U.S. 731, 741-42 (2011)).  Morever, the Supreme Court has

---

[4]     The Court reasoned as follows:

> Although the officers may have needed to use force, the amount of force which they used was arguably excessive in light of the fact that very little time elapsed between when the officers asked plaintiff to produce his hand for a fingerprint and when Zwetow initiated use of force by hitting him in the chest/stomach.  Although defendants assert that plaintiff's injury was minimal, plaintiff has produced evidence that after the officers hit him and took him to the floor, he had a severe headache and sore fingers.  The officers made no attempt to temper the amount of force first by using other means. Further, the officers had other options, including placing plaintiff in restraints and writing a disciplinary report.  Moreover, at the time the officers asked plaintiff to fingerprint the form, plaintiff had not created a serious security problem, and any threat which the officers perceived was necessarily minimal. Finally, plaintiff was not proactively resisting but merely had his hands in his pockets.  Looking at the totality of the interaction between plaintiff and the two officers at the Butler County Detention Center, a reasonable person could find that the amount and type of force which defendants applied to plaintiff was unreasonable.

Memorandum And Order (Doc. #95) at 38-39.

repeatedly instructed courts not to define clearly established law "at a high level of generality." White, 2017 WL 69170, at *4; see also City & Cty. of San Fran., Cal. v. Sheehan, 135 S. Ct. 1765, 1775-76 (2015). Instead, courts must identify clearly established law which is "particularized" to the facts of the case. White, 2017 WL 69170, at *4 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)); see Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (qualified immunity protects all but plainly incompetent or those who knowingly violate law). Though "a case directly on point" is not required, to demonstrate the infringement of a clearly established right, plaintiff must direct the court to "cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008); see Thomas v. Durastanti, 607 F.3d 655, 669 (10th Cir. 2010) (plaintiff bears burden to cite purported clearly established law applicable to claim).

This Court cited three cases for the proposition that under plaintiff's version of the facts, the officers violated a clearly established right. See Memorandum And Order (Doc. #95) at 39 (citing Vondrak v. City of Las Cruces, 535 F.3d 1198, 1202 (10th Cir. 2008) (use of tight handcuffs on doctor arrested for suspicion of DUI constituted excessive force); Meredith v. Erath, 342 F.3d 1057, 1059 (9th Cir. 2003) (IRS Agent who illegally detained plaintiff used excessive force by overly tight handcuffs); Burden v. Carroll, 108 F. App'x 291, 292 (6th Cir. 2004) (police officer not entitled to qualified immunity for throwing plaintiff several feet into brick wall with protrusions after officer had time to assess that plaintiff was not threat). On further reflection, the Court finds that these cases are not sufficiently particularized to the facts of this case to constitute clearly established law. See White, 2017 WL 69170, at *4 (plaintiff bears heavy burden of showing constitutional right clearly established beyond debate).

Plaintiff cites several cases which, he asserts, demonstrate that the law was clearly established. See Plaintiff's Response (Doc. #103) at 3-4. In Smith v. Delamaid, when officers

-5-

arrested plaintiff for DUI he became verbally abusive and broke two breathalyzer machines. 842 F. Supp. 453, 459 (D. Kan. 1994). Officers restrained him with handcuffs and ankle shackles, hit him in the ear, punched and jabbed him in the kidneys with a night stick, kicked him in the groin, threw him against the wall and the floor and stepped on his throat. Id. at 459-60. The district court ruled that "[a] reasonable police officer would know that to kick, punch, and throw a restrained, cooperative arrestee constitutes excessive force under the Due Process standard." Id. The facts of this case are much less severe, however, than Smith. Here, plaintiff was not in restraints, an officer punched him once in the stomach and officers took him to the floor and pushed his head into the floor. They did not repeatedly hit him or step on his throat.

Plaintiff also relies on Long v. Morris, 485 F. Supp.2d 1247 (D. Kan. 2007). Long was a jail inmate who refused to return to his cell. While Long was in hand and leg restraints, a deputy threw him to the floor, causing him to suffer a separated clavicle and a contusion on his head which required stitches. Id. at 1252. This Court denied qualified immunity, finding that under clearly established law the officer had used excessive force. Long is also distinguishable: here, plaintiff was not restrained and did not suffer force as serious as plaintiff in Long.

Plaintiff also cites Laury v. Greenfield, 87 F. Supp.2d 1210 (D. Kan. 2000). In Laury, a penitentiary inmate alleged that prison guards used excessive force when they kicked him in the back, threw him to the floor, punched him three times in the face and repeatedly punched him in the arm and back using handcuffs as brass knuckles. Id. at 1216-18. The court analyzed the case under the Eighth Amendment and denied qualified immunity, stating that "physical force for no legitimate purpose" is excessive. Laury is distinguishable because defendants there used much more force than in this case. Further, in Laury the plaintiff had not refused any kind of order.

Finally, plaintiff relies on two Tenth Circuit Eighth Amendment cases, Ali v. Dinwiddie, 437

F. App'x 695 (10th Cir. 2011) and Mitchell v. Maynard, 80 F.3d 1433 (10th Cir. 1996).  In Ali, guards repeatedly punched and kicked plaintiff after handcuffing him.  See Ali, 437 F. App'x at 697. Similarly, in Mitchell, plaintiff alleged that he was tripped and fell to the ground, where several guards beat him with night sticks while shouting racial epithets.  Furthermore, plaintiff was naked and shackled and thus particularly vulnerable.  Mitchell, 80 F.3d at 1440.  Ali and Mitchell are not sufficiently factually analogous to this case to constitute clearly established law.[5]  See White, 2017 WL 69170 (clearly established law must be "particularized" to facts of case; court must be able to identify a case where officer acting under similar circumstances held to violate Fifth Amendment).[6]

Plaintiff has not identified a case which held that an officer acting under similar circumstances violated the Fifth Amendment.  See Jackson v. City of Wichita, No. 13-1376, 2017 WL 106838 (D. Kan. Jan. 11, 2017) (under White, officers entitled to qualified immunity).  Plaintiff has thus failed to point to pre-existing law that makes apparent the unlawfulness of defendants'

---

[5] Defendants point out that plaintiffs in Long, Laury, Ali and Mitchell asserted violation of the Eighth Amendment right to be free from cruel and unusual punishment, not violation of the Fifth Amendment Due Process right which is at issue here.  The standard for evaluation of claims of excessive force differs significantly between amendments and the choice of amendment matters.  Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475 (2015) (Eighth Amendment cases not relevant in evaluating Fourteenth Amendment Due Process excessive force standard because language of causes and nature of claims often differ).  Thus, a case which evaluates a prisoner's claim under the Eighth Amendment does not create clearly established law as to the Fifth Amendment Due Process clause.  See White, 2017 WL 69170, at *5 (appeals court misunderstood "clearly established" analysis; failed to identify case where court held that officer acting under similar circumstances violated Fourth Amendment).  In any event, as explained above, the cases which plaintiff cites are not sufficiently analogous to this case.

[6] Plaintiff also relies on Henry v. Albuquerque Police Dep't, 49 F. App'x 272 (10th Cir. 2002), for the proposition that defendants are not entitled to qualified immunity because they flatly deny the amount of forced alleged, even though the video supports plaintiff's version of the facts.  Although the Court agrees that the video supports plaintiff's version of the facts in many respects, it does not compel a finding as a matter of law as to the type and degree of force that defendants used.

conduct in this case. The Court therefore finds that (1) Nichols and Zwetow are entitled to qualified immunity on plaintiff's claim that they violated his Fourth and Fifth Amendment rights when they used excessive force at the Butler County Detention Center (part of Count I) and (2) Rodney Nichols is entitled to qualified immunity on plaintiff's claim that he violated plaintiff's Fourth and Fifth Amendment rights when he failed to intervene during the incident at the Butler County Detention Center (part of Count II).

**IT IS THEREFORE ORDERED** that defendants Rodney Nichols and Timothy Zwetow are entitled to summary judgment on their contention that they are entitled to qualified immunity on plaintiff's claim that they violated his Fourth and Fifth Amendment rights when they used excessive force at the Butler County Detention Center (part of Count I).

**IT IS FURTHER ORDERED** that defendant Rodney Nichols is entitled to summary judgment on plaintiff's claims that he violated plaintiff's Fourth and Fifth Amendment rights when he failed to intervene at the Butler County Detention Center (part of Count II).

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment for defendants on all claims in this case.

Dated this 27th day of February, 2017 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge